AO 91 (Rev. 07/15) Criminal Complaint
Case 3:16-cr-00511-K Document 1 Filed 10/25/16 Page 1 of 7 PageID 1

SEALED

# United States District Court

___NORTHERN___ DISTRICT OF ___TEXAS___

FILED
OCT 25 2016
CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES OF AMERICA

V.

KEVIN SCOTT MORRIS

**COMPLAINT**

CASE NUMBER: 3-16-MJ-
3-16MJ851-BF

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ___May 18th, 2012___, in the Dallas Division of the Northern District of Texas, defendant(s) did,

> knowingly used, persuaded, induced, enticed or coerced a minor, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and such visual depiction having been produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce,

in violation of Title ___18___, United States Code, Section(s) ___2251(a)___.

I further state that I am a Special Agent with the Federal Bureau of Investigation (FBI), and that this complaint is based on the following facts:

> See attached Affidavit of Special Agent Rodney Sanchez, FBI, which is incorporated and made a part hereof by reference.

Continued on the attached sheet and made a part hereof: __XX__ Yes __ No

_____
RODNEY SANCHEZ
Special Agent, FBI

Sworn to before me and subscribed in my presence, on this 25 day of October, 2016, at Dallas, Texas.

HONORABLE PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Rodney Sanchez, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## INTRODUCTION

1. I, Rodney A. Sanchez, further state that I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since approximately November 2006. I am currently assigned to the FBI's Child Exploitation Task Force, Dallas, Texas. As part of my duties as an FBI Special Agent, I am authorized to investigate violations relating to child exploitation and child pornography, including the receipt, possession, and distribution of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. I have gained experience in conducting these investigations through training and investigative work, to include executing search warrants and conducting interviews of individuals participating in the trading of child pornography. I have also received training relating to the Innocent Images National Initiative (IINI), which includes training in the investigation and enforcement of federal child pornography laws in which computers and other digital media are used as a means for receiving, transmitting, and storing child pornography.

2. This affidavit is submitted for the limited purpose of establishing probable cause to believe that Kevin Scott Morris, while in the Northern District of Texas, on or about May 18, 2012, knowingly used, persuaded, induced, enticed or coerced a minor, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, such visual depiction having been produced using materials that had been

mailed, shipped or transported in or affecting interstate or foreign commerce, in violation of 18 U.S.C § 2251(a).

3. The statements contained in this affidavit are based on my own personal knowledge and observations, my training and experience, and conversations with and reports from other law enforcement officers and witnesses. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that Kevin Scott Morris did knowingly violate 18 U.S.C § 2251(a).

## FACTS SUPPORTING PROBABLE CAUSE

4. On or about October 3, 2016, Sergeant Danny Gammon, of the Kaufman County Sheriff's Office (KCSO), was contacted by Detective Clemmons, a Peace Officer for the City of Cypress in California. Detective Clemmons was notified that a juvenile victim, approximately seventeen years old, made an outcry of sexual assault that occurred when the victim was approximately thirteen years old. The juvenile victim, referred to as John Doe in this affidavit, was interviewed and related that the sexual assault by Kevin Scott Morris, a resident of Kaufman County, Texas, occurred in 2012.

5. During the interview, John Doe stated that he met Morris when Morris photographed him in 2009 for modeling purposes and the relationship was still ongoing. On May 18, 2012, John Doe flew to Dallas, Texas, for photography and videography sessions. Morris and John Doe stayed at a hotel and while at the hotel, Morris took

photos of the victim in speedo swimmers and had the victim expose himself. Later, Morris laid down with the victim and touched his private part to include masturbation.

6. The victim also related that the next day, Morris and the victim went to his residence in Kaufman County, Texas. While at the residence, Morris filmed the victim wearing a speedo and covered in "fake blood." The victim undressed and showered the "fake blood" off with Morris present in the bathroom with him. After the shower, Morris massaged the victim's buttocks through the victim's clothing. After massaging the victim, Morris masturbated the victim until ejaculation.

7. After the interview, Detective Clemmons arranged a one party consent telephone call with the victim and Morris on October 3, 2016. During the telephone call, Morris apologized multiple times to the victim. Morris also admitted to touching the victim's buttocks and massaging him. During the telephone call, Morris stated that if the victim said he touched him on the "private area" in 2012 then it must be true. Morris also referred to the victim as "sweetheart" and "baby" during the telephone call.

8. On or about October 6, 2016, Morris was arrested by the KCSO for indecency with a child and consented to an interview. Morris admitted to knowing the victim and that he had filmed the victim in the past for modeling purposes. Morris stated that the victim flew to Dallas on one occasion and that Morris and the victim stayed at the Laquinta Inn in Irving, Texas. Morris also related that he assisted the victim by teaching him how to masturbate.

9.  On this same date, KCSO executed a search warrant at the residence of Morris in Kaufman County, Texas. Multiple electronic devices, documents associated with a film production company, filming equipment, and camera tapes were seized. A review of one Panasonic camera tape showed the victim in a hotel room. The victim is only wearing a green speedo. The video shows the victim lying down on the bed and motioning his hand in a *come here* manner. The victim is heard on the video saying come here. In the video, the camera zooms in closely to his buttocks and his genital region and the child's scrotum is visible on the side of the speedo. Also during the video, the victim is lying on his back in the bed and the video zooms to the child's genital area and the speedo is pulled down to show the child's pubic hair.

10. I have reviewed the Panasonic camera tape and I believe the video depicts child pornography as defined by 18 U.S.C § 2256. The video shows the lascivious exhibition of the genitals and the pubic area because the focal point of the visual depiction is on the child's pubic area, the setting of the visual depiction is sexually suggestive, the child is in inappropriate attire, and the child is partially nude. Furthermore, the video suggests a willingness to engage in sexual activity and is designed to elicit a sexual response in the viewer as detailed in the above paragraph.

11. Based on my training and experience, I am aware such Panasonic items are not manufactured in the state of Texas. I know that Panasonic is a Japanese corporation headquartered in Japan. Accordingly, the Panasonic camera tape, of which contained

4

the video of child pornography, was shipped and transported in interstate and foreign commerce.

12. In addition, I am familiar with the interior of hotel rooms. After a review of the video, I believe the video was filmed inside a hotel room because the interior of the room contains the typical furniture used to furnish a hotel room. Furthermore, this is consistent with the minor victim's interview and admissions of Morris that he took the victim to the Laquinta Inn in Irving, Texas. I am also aware that there is a Laquinta Inn located in Irving, Texas. Consequently, I believe the production of images occurred in or nearby Irving, Texas, in the Northern District of Texas.

(Intentionally left Blank)

## CONCLUSION

13. Based upon the aforementioned, I believe there is probable cause to charge that Kevin Scott Morris, knowingly used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and such visual depiction having been produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce, in violation of 18 U.S.C. § 2251(a). I therefore request the Court issue an arrest warrant, via a criminal complaint, in this matter charging Kevin Scott Morris with a violation of 18 U.S.C. § 2251(a).

RODNEY SANCHEZ, SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Subscribed and sworn to before me on October 25, 2016.

HONORABLE PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE